UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| SINCLAIR WYOMING REFINING COMPANY, et al.,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Respondent. | No. 21-9528 |

## UNOPPOSED MOTION TO FILE UNDER SEAL

EPA moves pursuant to Tenth Circuit Rule 25.6 for leave to file under seal its Motion for Vacatur and Voluntary Remand, along with a supporting declaration. Pursuant to Tenth Circuit Rule 25.6(B), EPA will publicly file a redacted version of its Motion and supporting declaration. Petitioners Sinclair Wyoming Refining Company and Sinclair Casper Refining Company (jointly, "Sinclair") consent to this motion.

## PRIOR AND RELATED APPEALS

This petition seeks judicial review of EPA's January 2021 grant of three administrative petitions for extensions of the small refinery exemption from the Renewable Fuel Standard ("RFS") program (the "Sinclair Action"). The Sinclair

Action is also the subject of *Renewable Fuels Ass'n v. EPA*, No. 21-9518, which this Court put in abeyance on March 5, 2021.

## BACKGROUND

Congress directed EPA to establish a compliance program and annual percentage standards to ensure that "applicable volumes" of four categories of renewable fuel are used in the transportation sector each year. 42 U.S.C. §§ 7545(*o*)(2)(A)(i), (iii), 7545(*o*)(3)(B)(i). Obligated parties, i.e., refiners and importers of gasoline and diesel fuel apply the percentage standards to their own annual production or importation of gasoline and diesel fuel to calculate their individual annual renewable volume obligations for each type of renewable fuel. However, obligated parties need not actually blend renewable fuel themselves. They may alternatively purchase credits, known as "Renewable Identification Numbers," or "RINs," that reflect a quantity of renewable fuel that has been blended into conventional fuel by another entity. *See* 40 C.F.R. §§ 80.1425-29.

Congress created a temporary exemption for obligated parties that qualify as "small refineries," which may be extended in specified circumstances. 42 U.S.C. § 7545(*o*)(9). Congress provided that a small refinery "may at any time petition the Administrator for an extension of the exemption under subparagraph (A) for the reason of disproportionate economic hardship." *Id*. § 7545(*o*)(9)(B)(i). Congress directed that "[i]n evaluating a petition under clause (i), the Administrator, in

consultation with the Secretary of Energy, shall consider the findings of the study under subparagraph (A)(ii) and other economic factors." *Id*. § 7545(*o*)(9)(B)(ii). Therefore, EPA requests a recommendation from DOE to inform its evaluation of any small refinery's petition for an extension of the small refinery exemption. *See generally Sinclair v. EPA*, 887 F.3d 986, 993-94 (10th Cir. 2017).

In formulating its recommendation, DOE uses a two-part scoring matrix. One part assesses the disproportionate structural and economic impacts of the RFS program on the small refinery and the other scores the refinery's "viability" metrics, including whether the cost of compliance would reduce the profitability of the firm enough to impair future efficiency improvements and the likelihood that the costs of RFS compliance could lead to shutdown of the refinery. *Id.*; *see also Renewable Fuels Association v. EPA*, 948 F.3d 1206, 1223 (10th Cir. 2020).

## ARGUMENT

EPA's Motion for Vacatur and Voluntary Remand and its supporting declaration cite from and attach the Sinclair Action and the recommendations that DOE prepared regarding Sinclair's three administrative petitions for extensions of the small refinery exemption.

On March 31, 2021, this Court provisionally granted Sinclair's motion to file the Sinclair Action under seal. A redacted version of the Sinclair Action, revised to limit the scope of the redactions, is an attachment to Sinclair's motion to seal.

*See* Pet. Supp. to Mot. to Seal and Mot. to File Amended Public Version of Underlying Agency Decision at Ex. B (filed Mar. 29, 2021). The same revised redacted Sinclair Action is Attachment A to EPA's supporting declaration. In order to comply with the Court's March 31 order, the portions of EPA's Motion for Vacatur and Voluntary Remand that quote the redacted portions of the Sinclair Action (as revised) are also redacted.

In addition, Sinclair has asserted to EPA that the DOE recommendations contain confidential business information ("CBI"). Sinclair has asserted in prior filings that the public disclosure of CBI would prove detrimental to Sinclair's business operations and provide a competitive advantage to similar businesses and to others regulated under the RFS program. *See, e.g.*, Pet. Mot. for Leave to File Underlying Decision Doc. Under Seal (filed Mar. 15, 2021) at 3-6; *see also Renewable Fuels Ass'n v. EPA*, No. 21-9518, Intervenors' Unopposed Mot. for Leave to File Response in Opp. and Supporting Decl. Under Seal (filed Feb. 11, 2021), at 3-6.

The portion of EPA's Motion for Vacatur and Voluntary Remand that quotes the DOE recommendations are redacted. The DOE recommendations themselves, which are attachments to EPA's supporting declaration, are also redacted.

Redaction strikes the proper balance between the public's right to access judicial records and Sinclair's interest in protecting its asserted CBI. This Court

has previously authorized the filing under seal of analogous information. *See Sinclair*, 887 F.3d at 999 (granting Sinclair's motions to seal the docketing statement, agency decision documents, all briefs, and the joint deferred appendix).

## CONCLUSION

For the foregoing reasons, EPA respectfully requests that this Court place EPA's Motion for Vacatur and Voluntary Remand and the supporting declaration under seal and make only the redacted copies provided concurrent to this motion available to the public.

Dated: April 30, 2021

                              Respectfully submitted,

                              Jean E. Williams
                              Acting Assistant Attorney General
                              Environment & Natural Resources Division

                              */s/ Daniel R. Dertke*
                              DANIEL R. DERTKE
                              United States Department of Justice
                              Environmental Defense Section
                              Washington, DC  20004
                              (202) 514-0994
                              daniel.dertke@usdoj.gov

Of Counsel:

SUSAN STAHLE
MEREDITH G. MILLER
U.S. Environmental Protection Agency
Office of General Counsel
Washington, DC

# CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

(1) all required privacy redactions have been made per 10th Cir. R. 25.5;

(2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents;

(3) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, Windows Defender (latest protection update April 30, 2021), and according to the program are free of viruses; and

(4) the pleading complies with applicable type-volume limits of Fed. R. App. P. 27(d)(2)(A), Fed. R. App. P. 32(a)(5), and Fed. R. App. P. 32(a)(6) because it has been prepared in 14-point Times New Roman, a proportionally spaced font, and contains 834 words according to the count of Microsoft Word.

/s/ Daniel R. Dertke
DANIEL R. DERTKE

## CERTIFICATE OF SERVICE

      I hereby certify that on April 30, 2021, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

                                        /s/ Daniel R. Dertke
                                        DANIEL R. DERTKE